# Fidelity and Deposit Company of Maryland *v.* Call, Appellant.

*Principal and surety—Bonds — Surety companies — Ascertainment of liability—Agreement as to method—Proof of liability—Sufficiency.*

It is entirely competent for the parties to a contract of suretyship to agree upon a mode of ascertainment of liability, under their contract, and to provide, therein, for the kind and quality of evidence requisite to make out a claim.

Where the principal and surety have agreed that the fact and amount of liability upon their contract of suretyship shall be determined by the board of public education for whose protection the contract was made, and evidenced by the oath of affirmation of the president, or other member of the board, that agreement becomes the law of the case with reference to any subsequent controversy between the parties arising out of that contract.

The plaintiff in this action was surety, and the defendant principal, upon a bond in which such an agreement had been embodied. Plaintiff, in addition to proving the bond, established a contract of the defendant to indemnify plaintiff against loss thereunder. Recovery was sought in this action for a payment made by the plaintiff on account of an alleged default of the defendant in performance of his contract for the protection of which the bond was given. The evidence of default was a certificate given by the secretary of the board of public education. Defendant moved for binding instructions. The court directed a verdict for the plaintiff.

*Held:* It was error to direct a verdict for plaintiff, as the proof of default by certificate of the secretary of the board did not measure up to the degree of proof required by the agreement of the parties.

Argued October 10, 1922. Appeal, No. 93, Oct. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1918, No. 2323, on verdict for plaintiff in the case of Fidelity and Deposit Company, of Maryland, *v.* John A. Call. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for reimbursement of surety on contract of indemnity. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

The jury, upon being directed so to do, rendered a verdict for plaintiff in the sum of $1,290.40, upon which judgment was subsequently entered. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant and refusal to enter judgment for defendant non obstante veredicto.

*Francis J. Walsh,* and with him *John M. Gallagher,* for appellant.—The appellant was not liable to the surety because there was no judicial determination of liability before the surety made its voluntary payment on account of which it seeks reimbursement: Smith & Kausler v. Harry, 91 Pa. 119; Halsey v. Murray, 112 Ala. 185; Goodall v. Wentworth, 20 Maine 322.

*I. Smith Raspin,* for appellee.

OPINION BY HENDERSON, J., March 2, 1923:

The defendant entered into a contract with the school district of Philadelphia to install a ventilating system in a school building of the district, and for the faithful execution of the contract gave a bond in the sum of $1,005 with the plaintiff company as surety. There was also an agreement by the defendant with the plaintiff company to save the latter harmless against all loss, cost, damage,

charge and expense that might result to it, in connection with the surety bond given to the school district. The present action is based on a claim for the amount paid by plaintiff to the school district on account of an alleged default of performance by the defendant. This payment was made on the demand of the school district for the sum which it asserted the district had been obliged to pay another contractor for the completion of the work in excess of the amount which the defendant had agreed to accept. Payment was made by the surety company against the objection of the defendant, and after notice that the latter would defend any action brought against that company. No other ascertainment of the amount paid the school district was had than was shown in the certificate of the secretary of the board of public education as follows:

"January 2, 1917

"This is to certify that the Board of Public Education has had to agree to pay to John P. Donnelly the sum of Three Thousand Seven Hundred and Six dollars ($3,706) for the completion of the work called for under the Call contract at the Stetson School House.

"Wm. Dick, Secretary.
"(Seal)"

The plaintiff, having offered in evidence the bond of the defendant to the school district; a copy of the contract between the defendant and the school district; a copy of the notice of default given by the superintendent of buildings of the school district to the defendant, and the notice to the latter to discontinue all work on his contract; the certificate of the secretary of the school board of the amount due the district because of the defendant's default, together with evidence of the payment by the plaintiff of $1,005 to the school board on account of the surety company on its bond; and two letters of the superintendent of buildings addressed to the defendant, rested. Whereupon the defendant's counsel moved the

court for binding instructions. This motion was overruled and the jury was directed to find for the plaintiff. The complaint now presented is that there was nothing shown in the evidence which authorized the surety company to pay the sum demanded by the district. This brings us to an examination of the obligation of the plaintiff and the conditions under which liability arose. The obligation was that the defendant and the surety company "save, protect and indemnify said school district of, from and against all loss, damage or expense, by reason of his (the contractor's) failure to comply with the said contract and specifications." The bond also contained the following provision: "We further agree, that if, in the opinion of the said school district any default shall happen on the part of the said John A. Call we will pay all loss occasioned thereby, and that the ascertained amount thereof, which shall be determined by the board of public education, and of the truth of which oath or affirmation shall be thereto made by the president of the said board or by any member thereof, shall be final and conclusive upon us, and that execution may forthwith issue against us for the amount of said default." It will be observed that this provision of the bond establishes a method of determining the liability of the obligors to the school district. While it vests in the board of education the right to fix the amount due, it definitely prescribes how that amount shall be vouched for and evidenced. As the method adopted ousted the jurisdiction of the courts, it was a reasonable provision that the amount of the defendant's liability should be proved by evidence having the dignity of a deposition and not only that, but the deposition of a particular person. The parties very properly provided therefore that when a demand was made under the bond, the president of the board of education or a member of the board should make affidavit to the truth of the claim. This was not done. The plaintiff failed to produce the oath of the president or any member of the board of

public education establishing the amount of the claim of the district for the defendant's alleged default. It was entirely competent for the parties to establish a mode of ascertainment of liability and to provide for the kind and quality of evidence requisite to make out a claim. Having done so the contract becomes the law of the case and the method of procedure. The certificate of the secretary of the board of education is a very different thing from the statement on oath of a member of the board of education, and as the indemnity bond made the board of education an arbitrator in its own case, there is no reason why it should be released from so plain a requirement. It is contended, however, that the liability of the defendant is fixed by the following provision in his contract with the plaintiff given concurrently with the execution of the indemnity bond: "I hereby further agree that the vouchers or other evidence of payment made by the said company under its obligations of suretyship shall be conclusive against me, of the fact and extent of my liability to the said company under said obligation." This is not however a general agreement binding the defendant to pay any amount which the surety company may choose to pay. By the express language used such agreement for the conclusiveness of the evidence of payment only relates to payments made "under its obligations of suretyships." Whatever the surety was bound for and paid was a conclusive amount against the defendant, but the surety was under no obligation to pay on the certificate of amount presented by the secretary of the school board. The extent of the liability was to be otherwise ascertained and the plaintiff was a party to the contract fixing the method by which liability should be established and vouched for. With the certificate out of the case, there was no proof of the fixing of the surety company's liability to the school district and that fact would be open to inquiry. If the school district failed to produce proper evidence to the surety company, the extent of the contractor's

liability could of course be shown in an action at law, but when reliance is placed wholly on the secretary's certificate, we do not find in the evidence presented support for the conclusion that the plaintiff's case was made out.

The judgment is reversed with a new venire.